IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 20, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ E. Jones
DEPUTY CLERK

|  |  |
|---|---|
| THE INDEPENDENT ORDER OF FORESTERS, | ) ) ) |
| Plaintiff, | ) ) |
|  | ) Civil Action No. 7:25-cv-00392 |
| v. | ) ) |
| JESSICA ALLEN and KAYLA DOREY, | ) By: Elizabeth K. Dillon ) Chief United States District Judge |
|  | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER
GRANTING AMENDED MOTION TO DEPOSIT FUNDS
AND FOR INTERPLEADER RELIEF,
GRANTING AMENDED MOTION FOR DEFAULT JUDGMENT,
AND AWARDING FORESTERS A COMPROMISED AMOUNT
OF REASONABLE ATTORNEYS' FEES AND COSTS**

Plaintiff the Independent Order of Foresters (Foresters) is a Canadian entity that, according to its complaint, is duly licensed to transact insurance business in the State of Virginia. It filed this interpleader action against two defendants who have claimed conflicting interests in the proceeds of a life insurance policy that insured the life of a deceased, Jason Zell ("the Policy"). One of those defendants, Jessica Allen, has answered the complaint and continues to claim an interest in the life insurance proceeds. The other, Kayla Dorey, has defaulted, has not entered an appearance, and after the filing of the lawsuit, submitted a form purporting to inform Foresters that she is no longer claiming an interest under the policy. Foresters has obtained an entry of default against her. (Dkt. No. 25.)

Pending before the court is Foresters' amended motion for default judgment as to Dorey.[1]

---

[1] Foresters previously sought the same relief, but the court raised a concern at a February 4, 2026 status conference about whether it could grant a default judgment against Dorey, who was incarcerated at the time she initially was served. (Minutes, Dkt. No. 22.) *Cf. Patel v. Dab Inspection & Consulting Servs.*, No. 1:24-cv-859, 2025 WL 2693852, at *3–6 (E.D. Va. Sept. 2, 2025) (explaining that Federal Rules of Civil Procedure 17(c)(2) and

(Dkt. No. 27.)  Additionally, Foresters has filed an amended motion to deposit funds and for interpleader relief.  (Dkt. No. 28.)  Foresters represents that Foresters and Allen have agreed that an appropriate award of attorneys' fees and costs in this matter is $15,000.  Having considered the entire record in the case, and for the reasons explained briefly below, the court concludes that the relief sought by Foresters is appropriate.

I.    **The Court Will Grant Interpleader Relief and Dismiss Foresters From Future Liability Related to the Policy and From This Lawsuit.**

Interpleader is an appropriate remedy where, as here, there are competing claims to life insurance proceeds.  *Lincoln Nat'l Life Ins. Co. v. Steen*, No. No. 5:21-cv-42, 2021 WL 5049772, at *1 (W.D. Va. Nov. 1, 2021) (explaining that "federal law does not force insurance companies to adjudicate competing claims over an insurance policy, risking additional litigation from parties unhappy with their determinations or liability for the insurance companies if they make an incorrect judgment" and instead "it authorizes interpleader, which protects insurers from 'multiple, inconsistent judgments' and relieves them 'of the obligation of determining which claimant is entitled to the fund'" (quoting *Sec. Ins. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002) (per curiam))).

Further, Foresters is entitled to a discharge from this action and from further liability relating to the Certificate.  *See Hartford Life & Accident Ins. Co. v. King*, No. 7:11-cv-411, 2013 WL 828190, at *4 (W.D. Va. Feb. 6, 2013) ("If interpleader is proper, the Court may dismiss the stakeholder with prejudice and discharge it from all liability with respect to the deposited funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the

---

55(b)(2) prohibit a court from entering a default judgment against an "incompetent person" (which includes an incarcerated felon under Virginia law) unless that person is represented by a "general guardian, conservator, or other like fiduciary").  After that conference, Foresters again served Dorey, who had since been released from incarceration.  It then filed amended motions seeking nearly identical relief as it sought previously.  The court will deny without prejudice the original motions (Dkt. Nos. 17, 18), and it addresses the amended motions instead.

stakeholder regarding the relevant insurance policy or plan."), *report & recommendation adopted by* 2013 WL 837010 (W.D. Va. Mar. 6, 2013).

**II.     Foresters Is Entitled to a Compromise Award of Reasonable Attorneys' Fees.**

Additionally, as courts have held, a court may award the party who files for interpleader to avoid multiple litigation its reasonable attorneys' fees and costs incurred in bringing the action. *See, e.g., King*, 2013 WL 828190, at *5 ("A district court has the discretion to award attorneys' fees to a stakeholder in an interpleader action when it is fair and equitable. The theory behind such an award is that plaintiff, by seeking resolution of the multiple claims to the proceeds, benefits the claimants, and that plaintiff should not have to absorb attorneys' fees to avoid the possibility of multiple litigation."). The amount of fees in this situation is governed by "the broad rule [of] reasonableness." *Id.* at *5.

As discussed below, Dorey is in default and is not entitled to any portion of the interpleaded amount, so her position as to fees is irrelevant. And Allen agrees with Foresters that an appropriate award of attorneys' fees and costs in this matter is $15,000. (Br. Supp. Am. Mot. Deposit Funds & for Interpleader Relief 5, Dkt. No. 29.) Additionally, because Foresters represents that it has incurred $16,736.00 in attorneys' fees and over $1,000 in costs (*id.*), the agreed-upon award appears reasonable to the court.

**III.     Default Judgment Against Dorey Will Be Entered.**

The court may grant a default judgment against a defendant who has been properly served and "fails 'to plead or otherwise defend' in accordance with the rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); Fed. R. Civ. P. 55(b)(2). While the Federal Rules of Civil Procedure encourage disposition of claims on their merits, *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), it is within the court's discretion to enter default judgment. *Moradi*, 673 F.2d at 727 (citation omitted).

3

A party that requests default judgment must show the following: "(1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in the military; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2)." *All Am. Ins. Co. v. Morris*, No. 4:11-cv-41, 2011 WL 5330302, at *1 (E.D. Va. Nov. 4, 2011).

Foresters has made the requisite showing.  Dorey was served with the interpleader complaint and failed to answer or otherwise respond.  (Dkt. No. 23.)  The Clerk entered default (for a second time) against Dorey on April 2, 2026.  (Dkt. No. 26.)  Foresters has stated, upon information and belief, that Dorey is not an infant, incompetent, or in the military.  (Am. Mot. Default Jmt. ¶ 11, Dkt. No. 27.)  And no notice is required because Dorey has not appeared personally or by a representative in this case.  *See* Rule 55(b)(2).

Typically, upon entry of default, the Court must determine whether the allegations of the complaint support the relief sought before entering default judgment.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  "However, in the context of interpleader actions, the complaint's allegations do not need evaluation when determining whether to grant a motion for default judgment; '[r]ather, a defendant's lack of action can be taken as forfeiting a claim to the property in dispute.'" *Life Ins. Co. of N. Am. v. Quaye*, No. 3:23-cv-130, 2023 WL 4672384, at *2 (E.D. Va. July 20, 2023) (quoting *Pro. Foreclosure Corp. of Virginia v. Ware*, No. 1-20-cv-00421, 2020 WL 6324882, at *2 (E.D. Va. Oct. 8, 2020), *report & recommendation adopted*, No. 1:20-cv-421, 2020 WL 6323723 (E.D. Va. Oct. 27, 2020) and collecting authority).

Because Dorey has defaulted, Allen is entitled to the fund.  *Nationwide Mut. Fire Ins. Co. v. Easton*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").  In this

4

circumstance, the normal second stage of an interpleader action, in which adverse claimants'

rights to the fund are settled, becomes unnecessary. *Id.* (citing *New York Life Ins. Co. v. Conn.

Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983)); *see also Truist Bank v. Kim*, No. 1:22-cv-1431, 2023

WL 4944653, at *2 (E.D. Va. May 1, 2023) (entering default judgment against one defendant in

interpleader action and stating that the party's default "result[s] in the forfeiture of any claim to

the funds that she might have asserted").

Thus, there is no need for any additional proceedings in this case, and the court will direct

that the fund be disbursed to Allen, except for the $15,000 agreed-upon amount for fees and

costs the court already has determined should be awarded to Foresters.

## CONCLUSION AND ORDER

For the reasons above, it is ORDERED as follows:

### Deposit of Funds

1. Foresters' motions for interpleader deposit and for default judgment (Dkt. Nos. 17, 18) are DENIED WITHOUT PREJUDICE;

2. Forester's amended motion for interpleader deposit under 28 U.S.C. § 1335 (Dkt. No. 28) is GRANTED;

3. Foresters shall send a check for the total amount of the Policy's benefit ($100,000), plus the amount of any accrued interest as of the date of the check (together, the "Sum"), to the Clerk within 14 days of the date of this order;

4. A copy of this order shall be enclosed with the check when it is sent to the Clerk;

5. Upon receipt of the Sum, the Clerk shall deposit the amount of the check into the court's registry and hold the proceeds of the check in an interest-bearing account until it has the necessary information from the parties to disburse the funds as directed herein; and

6. At the time the check is sent to the Clerk, Foresters shall file with the court an accounting of the policy's proceeds and any accrued interest as of the date of the check, including the date that the interest began accruing and the applicable interest rate.

### Discharge of Liability

It is further ORDERED that

7. Upon payment of the Sum to the Clerk, defendants Allen and Dorey shall be RESTRAINED and ENJOINED from instituting or prosecuting any other proceeding against Foresters in either state or federal court with respect to the rights of the Policy proceeds and interest and any and all claims that were raised or could have been raised here relating to the Policy;

8. Upon payment of the Sum to the Clerk, Foresters shall be FULLY RELEASED and DISCHARGED from all further liability as to any and all claims for the proceeds of the Policy, and interest, whether by defendants or otherwise, from any and all claims related in any way to the Policy and/or the death of the named insured, Jason Zell; and

9. Upon payment of the Sum to the Clerk, Foresters shall be DISMISSED WITH PREJUDICE as a party, and its employees, agents, and attorneys are excused from any further attendance or involvement in the case.

### Default Judgment Against Dorey and Payment of Funds

It is further ORDERED that

10. Foresters' amended motion for default judgment (Dkt. No. 27) is GRANTED, and default judgment is hereby ENTERED against defendant Dorey;

11. Because Dorey is in default, defendant Allen is entitled to the proceeds of the

insurance policy, minus the agreed-upon attorney's fee owed to Foresters. Judgment is therefore ENTERED in favor of Allen in the amount of the deposited funds, plus any accrued interest, less $15,000.

12. The Clerk shall therefore DISBURSE $15,000 to Independent Order of Foresters, at an address to be provided by its counsel, and shall DISBURSE the remainder of the Sum, including any interest accrued thereon, to Jessica Allen, at an address to be provided by her counsel.

It is SO ORDERED.

Entered: April 20, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge

7